IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

DANIEL B. CARROLL,                    )
                                      )
                                      )
        Plaintiff,                    )
                                      )
            v.                        )    1:15cv815(JCC/JFA)
                                      )
VINNELL ARABIA, LLC,                  )
                                      )
        Defendant.                    )

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Vinnell Arabia's Motion to Dismiss [Dkt. 14], Plaintiff Daniel Carroll's Motion for Jurisdictional Discovery [Dkt. 20], and Defendant's Motion to Strike [Dkt. 23].  Defendant moves for dismissal on multiple grounds: lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim under federal law.  For the following reasons, the Court grants the motion to dismiss for lack of personal jurisdiction, and denies Plaintiff's motion for jurisdictional discovery.  Because the Court concludes that it lacks personal jurisdiction over Defendant, a threshold issue, the Court need not address Defendant's alternative arguments for dismissal.  Williams v. Romarm S.A., --- F. Supp. 3d ---, No. TDC-14-3124, 2015 WL 4475160, *2 (D. Md. July 20, 2015).

1

# I. Background

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff Daniel B. Carroll ("Plaintiff" or "Carroll") is a resident of Maryland.  (Compl. [Dkt. 1] ¶ 7.)  Defendant Vinnell Arabia, LLC ("Defendant" or "Vinnell Arabia") is a Saudi Arabian-registered Joint Venture Limited Liability Company with its headquarters in Riyadh, Saudi Arabia.  (Id. at ¶ 10; see also Def.'s Mem. Ex. 1 [Dkt. 15-1] AlQasim Decl.[1] ¶ 6.)  Vinnell Arabia is owned by Arab Builders for Training ("ABT") and by Northrup Grumman Enterprise Management Services Corporation, a subsidiary of Northrop Grumman Corporation.  (Id. at ¶ 15; AlQasim Decl. at ¶ 4.)  Vinnell Arabia provides military training, logistics, and support to the Saudi Arabian National Guard.  (Compl. ¶ 13; AlQasim Decl. ¶ 5.)

In August of 2011, Carroll applied for an English instructor position with Vinnell Arabia in Saudi Arabia. (Compl. ¶ 28.)  Carroll applied for the job at Northrop

---

[1] The Court's disposition as to personal jurisdiction prior to discovery may be based on affidavits and other written materials.  Convergence Technologies (USA), LLC v. Microloops Corp., 711 F. Supp. 2d 626, 628 n.1 (E.D. Va. 2010) (citing Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003)).

Grumman's Herndon, Virginia office, which subsequently arranged for Carroll's interview.  (Id.)  Carroll eventually accepted an offer to work as an English instructor in Saudi Arabia, and Northrup Grumman's Herndon, Virginia office issued the employment contract, oriented him for the position, and obtained his work visa.  (Id.)  In March of 2013, while working as an English instructor in Saudi Arabia, Carroll "responded to an announcement that Vinnell Arabia would be hiring a Senior Accountant for their Saudi Arabia location.  Plaintiff submitted his resume and an inter-office communication ("IOC") to Vinnell Arabia's Human Resources [Department]."  (Id. at ¶ 29.)  Carroll's resume detailed relevant past work experience and position-related skills.  (Id. at ¶ 30-33.)  The Human Resources Department advised Carroll that he was the only applicant.  (Id. at 35.)  Carroll participated in two interviews, each conducted by an accounting supervisor.  (Id. at ¶ 37.)  The first interview lasted forty minutes and Carroll "hit it off" with the interviewer, Aaron Mordan.  (Id. at ¶ 38.)  The second interview lasted no more than eight minutes, and Carroll claimed that the interviewer, Ayman Kanana, "was visibly engrossed in Plaintiff's resume disclosure of having worked in Israel," but barely discussed the accounting functions of the position.  (Id. at ¶ 39.)  Neither interviewer asked Carroll about his aptitude with Microsoft Excel.  (Id. at ¶¶ 38, 39.)  Vinnell Arabia never

3

contacted Carroll's former employer to verify whether he possessed the necessary accounting experience as stated on his resume.  (Id. at ¶ 40.)  A few days later, Carroll was informed via e-mail that he was not selected for the position.  (Id. at ¶ 41.)  Defendant did not respond to Carroll's request for an explanation as to why he did not get the job.  (Id.)

Carroll is Caucasian and Jewish.  (Compl. ¶ 34.) Carroll alleges that Vinnell Arabia discriminated against him based on his race, national origin, and religion when it failed to hire him for the Senior Accountant position.  (Id. at ¶¶ 1-2.)  After exhausting his administrative remedies with the United States Equal Employment Opportunity Commission ("EEOC"), the EEOC issued Carroll a right to sue letter on March 20, 2015. (Id. at ¶¶ 42-49.)  During the EEOC proceedings, Vinnell Arabia claimed that it did not hire Carroll because he "had indicated during his interview that he had limited Excel knowledge and experience."  (Id. at ¶ 44.)  Carroll contests this rationale, and alleges that Vinnell Arabia's actual reason for not hiring him was discriminatory, based on his race, national origin, and religion.  (Id.)  Carroll brings two claims against Vinnell Arabia: (1) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and (2) violation of 42 U.S.C. § 1981.  (Id. at ¶¶ 50-53.)  Plaintiff seeks $800,000 in compensatory and punitive damages.

4

The parties have fully briefed the issue of whether the Court has personal jurisdiction over Defendant, i.e., whether it has the power to bring Vinnell Arabia into its adjudicative process. People Express Airlines, Inc., 922 F. Supp. 2d at 541 (citation omitted). For the reasons that follow, the Court finds that it does not.

## II. Legal Standard

A defendant can raise lack of personal jurisdiction as a defense in a pre-answer motion. See Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of proving to the court the existence of personal jurisdiction over the defendant by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005) (citation omitted). If there are disputed factual questions as to the existence of jurisdiction, the court may hold a separate evidentiary hearing, may defer ruling pending the production of relevant evidence at trial, or may rule simply on the motion papers, supporting legal memoranda, and the relevant allegations in the complaint. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); see also Long v. Chevron Corp., No. 4:11cv47, 2011 WL 3903066, at *3 (E.D. Va. Sept. 2, 2011); People Express Airlines, Inc. v. 200 Kelsey Assocs., LLC, 922 F. Supp. 2d 536, 541 (E.D. Va. 2013). In the absence of an evidentiary hearing, a plaintiff's burden is a prima facie showing of personal

jurisdiction. New Wellington, 416 F. 3d at 294. To evaluate whether a plaintiff has made a prima facie showing, "a district court may look to both plaintiff and defendant's proffered proof," People Express Airlines, Inc., 922 F. Supp. 2d at 541 (citation omitted), but the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id. (quoting Combs, 886 F.2d at 676). When the defendant "provides evidence [that] denies facts essential for jurisdiction, the plaintiff must, under threat of dismissal, present sufficient evidence to create a factual dispute on each jurisdictional element [that] has been denied by the defendant and on which the defendant has presented evidence." People Express Airlines, Inc., 922 F. Supp. 2d at 541 (citations and internal quotation marks omitted).

### III. Analysis

Federal courts exercise personal jurisdiction in the manner provided by state law. New Wellington, 416 F.3d at 294. The determination of whether the Court can assert personal jurisdiction over a nonresident defendant involves two steps: (1) whether the state's long arm statute authorizes the exercise of jurisdiction; and (2) if so, whether the exercise of jurisdiction comports with the due process requirements under

the Fourteenth Amendment.  People Express Airlines, Inc., 922 F.

Supp. 2d at 542 (quoting Carefirst of Md., Inc. v. Carefirst

Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003)).  In

Virginia, "[i]t is manifest that the purpose of Virginia's long

arm statute is to assert jurisdiction over nonresidents who

engage in some purposeful activity in this State to the extent

permissible under the due process clause."  Peninsula Cruise,

Inc. v. New River Yacht Sales, Inc., 512 S.E.2d 560, 562 (Va.

1999).  Because Virginia's long arm statute is intended to

extend personal jurisdiction to the outer limits of due process,

the constitutional and statutory inquiries merge.  Id.; see also

Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 277

(4th Cir. 2009).

        There are two types of personal jurisdiction that meet

the requirements of due process: specific and general.  Burger

King Corp. v. Rudzewicz, 471 U.S. 462, 473-74 (1985); CFA Inst.

v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292

n.15 (4th Cir. 2009).  In both instances, a nonresident

defendant must have sufficient "minimum contacts" with the forum

state such that "the maintenance of the suit does not offend

traditional notions of fair play and substantial justice."

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Since

the Supreme Court's "canonical opinion in [International Shoe] .

. . specific jurisdiction has become the centerpiece of modern

7

jurisdiction theory, while general jurisdiction has played a reduced role." Daimler AG v. Bauman, 134 S. Ct. 746, 754-55 (2014) ("[S]pecific jurisdiction will come into sharper relief and form a considerably more significant part of the scene.") (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2853-54 (2011)).  Regardless, both general jurisdiction and specific jurisdiction satisfy the constitutional requirements of due process, and each is discussed in turn.

Ultimately, the Court finds that it cannot assert personal jurisdiction over Vinnell Arabia under a theory of either general jurisdiction or specific jurisdiction.  And because a limited period of discovery would not change this outcome, the Court denies Plaintiff's request for discovery on this issue and dismisses the case.

### A. General Jurisdiction

"When a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the State has been said to be exercising 'general jurisdiction' over the defendant." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.9 (1984) (citation omitted).  "[O]nly a limited set of affiliations with a forum will render a defendant amendable to all-purpose [or general] jurisdiction there." Daimler, 134 S.

8

Ct. at 760.  A defendant must have "continuous and systematic" affiliations with the State "as to render [it] essentially at home in the forum State."  Goodyear, 131 S. Ct. at 2851 (citing International Shoe, 326 U.S. at 317).  Absent exceptional circumstances, the defendant is only subject to the general jurisdiction of the forum State if it is the defendant's domicile.  Daimler, 134 S. Ct. at 760 ("[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.") (quoting Goodyear, 131 S. Ct. at 2853-54 (citing Brilmayer et al., A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 728 (1988)); see also Walden v. Fiore, 134 S. Ct. 1115, 1121 n.6 (2014) (stating general jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (e.g., domicile).").  Thus, for the Court to assert general jurisdiction, the defendant must have continuous and systemic contacts with the forum state so as to not offend due process requirements.  Goodyear, 131 S. Ct. at 2851.

Here, it is undisputed that Defendant is domiciled in Saudi Arabia.  Defendant is a Saudi Arabian-registered Limited Liability Company with its principal place of business in Riyadh, Saudi Arabia.  (AlQasim Decl. ¶¶ 4, 6.)  Moreover,

9

Defendant is not registered to transact business in the Commonwealth of Virginia, nor does it have a registered agent in the Commonwealth of Virginia.  (Id. at ¶ 8.)  Indeed, Defendant does not conduct business in Virginia.  (Id. at ¶ 9.)  It does not have offices nor does it own property there.  (Id. at ¶ 7.) In the face of these undisputed facts, Carroll nonetheless asserts the Court has general jurisdiction over Defendant because "Vinnell Arabia has an office in Herndon, Virginia"[2] and because "Vinnell Arabia conducted continuous and systematic activities in Northern Virginia [to] make it particularly at home within this District."  (Pl.'s Opp'n [Dkt. 18] at 22.) Specifically, Carroll alleges that general jurisdiction over Defendant is proper because Defendant is 51% owned by Northrup Grumman and because its "nerve center" and hiring process occurs in Virginia.  (Id. at 23-24.)  Plaintiff's conclusory assertion that Defendant has its "nerve center" in Virginia is merely a "formulaic recitation of the elements" of personal jurisdiction and is therefore neither entitled to a presumption of validity nor sufficient by itself to support a finding that Defendant is subject to personal jurisdiction in Virginia. Bell Atl. Corp. v.

---

[2] Carroll contends in his opposition brief that "Vinnell Arabia has an office in Herndon, Virginia," but there is absolutely no evidence of that in the record. In fact, Carroll admits in his declaration that "Vinnell Arabia uses Northrup Grumman's Herndon, Virginia office to recruit, orient prospective employees and new hires and assist in obtaining visas." (Pl.'s Opp'n Ex. 20 [Dkt. 18-20] at ¶ 39.)(emphasis added)

Twombly, 127 S. Ct. 1955, 1965. As regards Northrup Grumman's 51% ownership of Defendant, this Court has previously held that "merely having a domestic parent company is not itself a sufficient connection to the state to confer jurisdiction over a foreign subsidiary." William v. AES Corp., 28 F. Supp. 3d 553, 565 (E.D. Va. 2014) (citing Goodyear, 131 S. Ct. at 2857-58).

In any event, Carroll contends that because Defendant "is solely in the business of U.S. Government contracting and staffing U.S. citizens for its overseas projects," Defendant ought to be subject to the general jurisdiction of this specific Court. (Id. at 25.) These allegations are ultimately insufficient "as to render [Defendants] essentially at home in [Virginia]," and therefore, general jurisdiction is improper here. Goodyear, 131 S. Ct. at 2851 (citing International Shoe, 326 U.S. at 317).

General jurisdiction has long been understood as proper only in "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." Goodyear, 131 S. Ct. at 2853 (quoting International Shoe, 326 U.S. at 318) (emphasis added). The Supreme Court has recently clarified that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction

11

there." Daimler, 134 S. Ct. at 760.  Thus, "the paradigm forum

for the exercise of general jurisdiction . . . for a corporation

. . . is an equivalent place [to the individual's domicile], one

in which the corporation is fairly regarded as at home."

Goodyear, 131 S. Ct. at 2853-54 (citation omitted).  This

comports with the Supreme Court's recognition of the relatively

recent trend in the extirpation of asserting personal

jurisdiction on the basis of general jurisdiction in favor of

specific jurisdiction.  See, e.g., Daimler, 134 S. Ct. at 758

("As this Court has increasingly trained on the 'relationship

among the defendant, the forum, and the litigation,' i.e.,

specific jurisdiction, general jurisdiction has come to occupy a

less dominant place in the contemporary scheme.") (citation and

footnotes omitted);  Goodyear, 131 S. Ct. at 2854 (citing

Twitchell, The Myth of General Jurisdiction, 101 Harv. L. Rev.

610, 628 (1988) (in the wake of International Shoe, "specific

jurisdiction has become the centerpiece of modern jurisdiction

theory, while general jurisdiction plays a reduced role.")).

Here, it is untenable to claim that Defendant is "at

home" or domiciled in Virginia.  Defendant is domiciled in Saudi

Arabia.  Even if Northrup Grumman, the alleged "parent company"

or "majority owner" of Vinnell Arabia, is domiciled in Virginia,

Defendant Vinnell Arabia remains domiciled in Saudi Arabia.  The

nature of Defendant's relationship with Northrup Grumman has no

bearing on the Court's general jurisdiction inquiry, which looks only to the named-Defendant's continuous corporate operations within a state. Goodyear, 131 S. Ct. at 2853 (citation omitted). Fundamentally, the requisite "continuous and systematic" affiliation with the forum state is "comparable to a domestic enterprise in that State." Daimler, 134 S. Ct. at 758 n.11. The undisputed facts regarding Defendant's business operations fall far short of this substantial standard. Accordingly, the Court cannot assert personal jurisdiction over Defendant under a theory of general jurisdiction.

### B. Specific Jurisdiction

Asserting personal jurisdiction over Defendant under a theory of specific jurisdiction would be equally inappropriate in this case. The specific jurisdiction inquiry has always focused on "the relationship among the defendant, the forum, and the litigation." Walden, 134 S. Ct. at 1121 ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.") (citations omitted). Even though the plaintiff has the burden of proving personal jurisdiction, the specific jurisdiction analysis is defendant-centric. See Walden, 134 S. Ct. at 1122, 1125 ("But the plaintiff cannot be the only link between the defendant and the forum . . . . The proper question is not where the plaintiff

13

experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").  Specifically, to determine whether the Court can assert specific jurisdiction over the defendant, the Court asks: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'"  Carefirst of Maryland, Inc., 334 F.3d at 397 (citing ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002), cert. denied, 537 U.S. 1105 (2003); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)); see also Intercarrier Commc'ns LLC v. WhatsApp Inc., No. 3:12-cv-776-JAG, 2013 WL 5230631, at *3 (E.D. Va. Sept. 13, 2013).  Each factor is addressed in turn.  Under the facts of this case, the Court cannot assert specific jurisdiction over Defendant because it is undisputed that Carroll's claims did not arise out of any of Defendant's activities directed at the Commonwealth of Virginia.

## 1. Purposeful Availment

Carroll contends that Defendant has "purposefully directed" its employee recruitment at residents of Virginia because potential job applicants are directed to Northrup

14

Grumman's Herndon, Virginia office, where Defendant's "new hires" are processed.  (Pl.'s Opp'n at 18-21.)  Carroll argues that Vinnell Arabia's connection to Virginia in this regard is sufficient to establish that it purposefully availed itself of the privilege of conducting activities in Virginia.  The Court disagrees.

"[C]ourts have considered various nonexclusive factors in seeking to resolve whether a defendant has engaged in such purposeful availment."  Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009).  These factors include: (1) whether the defendant maintains offices or agents in the forum state; (2) whether the defendant owns property in the forum state; (3) whether the defendant reached into the forum state to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the forum state; (5) whether the parties contractually agreed that the law of the forum state would govern disputes; (6) whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; (7) the nature, quality and extent of the parties' communications about the business being transacted; and (8) whether the performance of contractual duties was to occur within the forum.  Id.  Here, the overwhelming majority of factors, indeed almost all of them,

weigh against finding that Defendant purposefully availed itself of conducting activities in Virginia.

First, Defendant does not maintain any offices, nor does it have a registered agent, in the Commonwealth of Virginia.  (AlQasim Decl. ¶ 7.)  Second, Defendant does not own property in Virginia.  (Id.)  Third, the parties have not contractually agreed that the law of the forum state would govern any disputes.  Fourth, Defendant did not have any in-person contact with Carroll in Virginia regarding the accounting position he sought.  (Id. at ¶ 33.)  Fifth, Carroll was living in Saudi Arabia when he applied to Defendant for the Senior Accountant position.  (Id. at ¶ 36.)  Moreover, he applied for that position in Saudi Arabia, and interviewed for the position in Saudi Arabia.  (Id. at ¶ 37.)  Sixth, the Senior Accountant position was to be performed in Saudi Arabia.  (Id. at ¶ 38.) And all decisions regarding the Senior Accountant position were made by Vinnell Arabia personnel located in Saudi Arabia.  (Id. at ¶¶ 39-41.)  In short, only two factors would tend to support the argument that Vinnell Arabia purposefully availed itself of the privilege of conducting business in Virginia.  First, Vinnell Arabia "reached into the forum state to initiate business" with Northrup Grumman when it contracted with Northrup Grumman "to perform certain discrete administrative support services," which includes new employment hire support,

facilitating visa requests, advertising available job openings, and processing employment applications, etc. (Id. at ¶ 14.) Thus, it can also be said that Vinnell Arabia "deliberately engaged" in "long-term business activities" in Virginia, but only through this one contractual relationship with Northrup Grumman.

Otherwise, Vinnell Arabia does not share any offices, equipment, or infrastructure with Northrup Grumman, its employees are not employees of Northrup Grumman, Vinnell Arabia provides no services for Northrup Grumman in the United States, and Vinnell Arabia ultimately makes its own personnel decisions. (AlQasim Decl. ¶¶ 15-20.) The ultimate purpose of the first factor is to determine whether the defendant's activities in the forum state "are shielded by the benefits and protections of the forum's states laws[, such that] it is presumptively not unreasonable to require him to submit to the burdens and litigation in that forum as well." Consulting Eng'rs Corp., 561 F.3d at 278 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985)). This is not the case here. Vinnell Arabia's contract with Northrup Grumman, a corporation that is presumed to be domiciled in Virginia for purposes of this motion, cannot itself constitute "purposeful availment" when all of the other factors discussed above weigh against such a finding. Stated differently, the fact that a defendant has contracted with a

non-party who is located in a certain state does not automatically confer personal jurisdiction over the defendant in that state under a theory of specific jurisdiction, especially when that one contract has nothing to do with the allegations supporting the claim at issue in the litigation.  Instead, it is clear that Vinnell Arabia has purposefully availed itself of the business opportunities and laws of Saudi Arabia, the location where all of the events giving rise to this litigation took place.  Accordingly, the Court finds that Vinnell Arabia has not availed itself of the privilege of conducting business in Virginia, and therefore, specific jurisdiction does not exist.

"If, and only if, we find that the plaintiff has satisfied this first prong of the test for specific jurisdiction need we move on to a consideration of prongs two and three." Consulting Eng'rs Corp., 561 F.3d at 278.  However, even if the Court had found that Defendant did in fact purposefully avail itself of the privilege of conducting activities in Virginia, the Court ultimately cannot assert specific jurisdiction over Defendant because Carroll's claims in this lawsuit do not arise out of those activities.

### 2. Carroll's Claims

Carroll argues that when Vinnell Arabia originally recruited him for the English Instructor position in Northern Virginia, "it created conduct in Virginia that is necessary to

18

give rise to Daniel Carroll's claim."   (Pl.'s Opp'n at 21.)
This misstates the law of the second prong.   For the plaintiff's
claims to "arise out of the activities directed at the forum . .
. the defendant's contacts with the forum state [must] form the
basis of the suit."   Consulting Eng'rs Corp., 561 F.3d at 278-79
(citing Burger King, 471 U.S. at 472; Helicopteros, 466 U.S. at
414).   Stated differently, Carroll's discrimination claims must
arise out of Vinnell Arabia's activities directed at Virginia,
i.e., its contract with Northrup Grumman.   But here, Carroll's
causes of action arise from Vinnell Arabia's alleged misconduct
in Saudi Arabia, not Virginia.   Carroll complains of
discrimination related to his later application and interview
process for the Senior Accountant position - all of which
involved only Vinnell Arabia personnel and took place in Saudi
Arabia with no connection to Virginia or Northrup Grumman.
There is no allegation or any evidence in the record that serves
as the necessary link between this allegedly discriminatory
process and the Commonwealth of Virginia.   In short, Carroll
identifies no discriminatory conduct by Vinnell Arabia in
Virginia, and therefore, cannot identify a contact with Virginia
to "provide the basis for the suit."   Saudi v. Northrop Grumman
Corp., 427 F.3d 271, 276 (4th Cir. 2005) (quoting Carefirst of
Md., Inc., 334 F.3d at 397).   Accordingly, specific jurisdiction
also does not exist under this factor.

### 3. Constitutional Reasonableness

Lastly, the Court finds that the exercise of personal jurisdiction over Vinnell Arabia in this case is not constitutionally reasonable.  Carefirst of Md., Inc., 334 F.3d at 397.  None of the claims in this case have a connection to Virginia.  None of the events or transactions giving rise to these claims occurred in Virginia.  Carroll was not harmed in Virginia.  Indeed, no party is domiciled in Virginia.  Thus, it would be unjust and not constitutionally reasonable to assert personal jurisdiction over Defendant in this case.  See, e.g., Foster v. Arletty 3 Sarl, 278 F.3d 409 (4th Cir. 2002).

### C. Limited Discovery

In the event the Court finds Carroll has failed to meet its burden to establish personal jurisdiction over Defendant, Carroll asks the Court to defer ruling on this motion until after the parties have completed a limited period of discovery on the jurisdictional issue.  (Pl.'s Mot. for Discovery [Dkt. 20]; Pl.'s Opp'n at 28-29.)  Defendant opposes this request.  (Def.'s Mem. in Supp. of Mot. to Dismiss [Dkt. 15] at 14-15.)  "[T]he decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court."  Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory", 283 F.3d 208, 216 n.3 (4th Cir. 2002) (citations omitted).  "When a plaintiff offers

only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402-403 (4th Cir. 2003). The Fourth Circuit will not reverse the district court's denial of limited discovery where it appears "the plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction." Base Metal Trading, 283 F.3d at 216 n.3.

Here, Carroll contends that the "parties set forth substantially different accounts of Vinnell Arabia's activities in the United States, its interrelatedness to Northrup Grumman, the nature of Vinnell Arabia's business, and procedures for recruitment and hiring, among other relevant factual matters." (Pl.'s Opp'n at 28.)  None of the information sought would change the undisputed facts already before the Court.  First, under Daimler, it is undisputed that Defendant is not "at home" in Virginia, and an additional period of limited discovery would do nothing to change that.  See Daimler, 134 S. Ct. at 760 ("[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.") (citations omitted).  Second, the additional information sought would not show that Vinnell Arabia

21

purposefully availed itself of conducting activities in the Commonwealth of Virginia, nor would it show that Carroll's claims arise out of <u>any</u> activities connected to Virginia. Accordingly, the Court denies the request for a limited discovery period.

### D. Motion to Strike Portions of Carroll's Declaration

Vinnell Arabia moved the Court to strike 17 paragraphs of Daniel Carroll's Declaration, which was attached in support of his opposition brief to Vinnell Arabia's motion to dismiss. (Def.'s Mot. to Strike [Dkt. 23]; Def.'s Mem. in Supp. of Mot. to Strike [Dkt. 24].)  Vinnell Arabia argues that portions of the declaration should be stricken because it offers impermissible legal conclusions, is not based on Carroll's personal knowledge, and improperly characterizes various documents.  (Def.'s Mem. in Supp. of Mot. to Strike at 1.) Carroll opposes this motion.  (Pl.'s Opp'n to Mot. to Strike [Dkt. 34].)  However, even considering Carroll's declaration in its entirety, as the Court has done here, Vinnell Arabia's motion to dismiss is successful for the reasons stated above. Thus, this motion to strike becomes moot, and the Court need not consider it.  Accordingly, the motion to strike is denied as moot.

**IV. Conclusion**

For the foregoing reasons, the Court grants Defendant's motion to dismiss for lack of personal jurisdiction, denies Plaintiff's motion for jurisdictional discovery, and denies as moot Defendant's motion to strike portions of Carroll's declaration.

An appropriate Order shall issue.

| | |
|---|---|
| | /s/ |
| September 22, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |