```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


DANIEL B. CARROLL,              )
                                )
                                )
     Plaintiff,                 )
                                )
          v.                    )    1:15cv815(JCC/JFA)
                                )
VINNELL ARABIA, LLC,            )
                                )
     Defendant.                 )
```

# M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff Daniel Carroll's Motion to Alter Judgment [Dkt. 41], and relatedly, Plaintiff Daniel Carroll's Motion to Strike Defendant's Memorandum in Opposition [Dkt. 49]. Plaintiff requests that the Court alter its September 22, 2015 order dismissing his complaint for lack of personal jurisdiction due to the Court's alleged failure to consider personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2). The Court denies Plaintiff's Motion to Amend Judgment and Plaintiff's Motion to Strike Defendant's Memorandum in Opposition for the reasons discussed below.

## I. Background

The facts remain as described in this court's previous Memorandum Opinion of September 22, 2015 [Dkt. 39]. On October

1

20, 2015, Plaintiff Daniel Carroll, now acting *pro se*, filed a Motion to Alter Judgment seeking reversal of this Court's Order of September 22, 2015 [Dkt. 40]. Defendant Vinnell Arabia filed their opposition brief on November 5, 2015. Plaintiff filed a Motion to Strike Defendant's opposition brief on November 9, 2015. Defendant filed their Memorandum in Opposition to Plaintiff's Motion to Strike on November 10, 2015. Oral argument has been waived on both motions, and both motions are ripe for decision.

## II. Legal Standard

Plaintiff asks the Court to amend its previous Order of September 22, 2015 pursuant to Federal Rule of Civil Procedure 59(e). A court may amend a judgment under Rule 59(e) in the following three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Amending a judgment "is an extraordinary remedy that should be applied sparingly." *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). A reconsideration motion "is inappropriate if it asks the court to 'reevaluate the basis upon which it made a prior ruling' or 'merely seeks to reargue a previous claim.'" *Projects Mgmt. Co. v. DynCorp Int'l, LLC*, 17 F. Supp. 3d 539, 541 (E.D. Va. 2014)

2

(quoting *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997)).  A Rule 59(e) motion does not allow parties "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

### III. Analysis

The Court begins by noting that the Plaintiff could have raised their argument for personal jurisdiction pursuant to Rule 4(k)(2) in their original opposition to the Defendant's Motion to Dismiss.  Plaintiff's argument that he could not raise a Rule 4(k)(2) argument until the Court had already determined that the Defendant was not subject to personal jurisdiction in Virginia is incorrect.  *See Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 215-216 (4th Cir. 2002)("it is generally permissible for a litigant to present inconsistent alternate positions in a case" (internal quotation marks omitted)).  The Fourth Circuit has held that "Rule 59(e) motions may not be used [] to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  *Pac. Ins. Co.*, 148 F.3d at 403.  Plaintiff could

3

have made his 4(k)(2) argument during the earlier proceedings on the Defendant's motion to dismiss and elected not to do so. Plaintiff cannot now use a rule 59(e) to raise his 4(k)(2) argument after dismissal.  However, because of the unique circumstances in this case regarding the contentious relationship between the Plaintiff and his former attorneys, the Court will proceed to analyze the merits of the Plaintiff's Rule 4(k)(2) argument, which ultimately fails.

In the Court's previous memorandum opinion dismissing this case, the Court explained that this Court could not constitutionally subject Vinnell Arabia to specific jurisdiction in this case because the plaintiff's claims arose from "Vinnell Arabia's alleged misconduct in Saudi Arabia, not Virginia". (Order, at 19.)  Federal Rule of Civil Procedure 4(k)(2) does not alter the constitutional minimum contacts analysis the Court employed in reaching its previous decision.  It merely expands the geographical scope of the inquiry from the forum state to the United States as a whole. *See Touchom, Inc. V. Bereskin & Parr*, 574 F.3d 1403, 1416 (Fed. Cir. 2009) ("while the test of specific jurisdiction under 4(k)(2) involves the same steps as under 4(k)(1), we must consider appellees contacts with the nation as a whole" (citation and internal quotation marks omitted)).  Here, expanding the geographical scope of the forum from Virginia to the United States generally would not change

the Court's previous analysis of the constitutional sufficiency of Defendant's contacts with the forum.  As the Court previously noted, Vinnell Arabia is domiciled in Saudi Arabia, and all of the conduct giving rise to Plaintiff's claim took place in Saudi Arabia.  Plaintiff was living in Saudi Arabia when he applied for the position at issue, the interviews took place in Saudi Arabia, the position was to be performed in Saudi Arabia, and all decisions regarding the position were made in Saudi Arabia.  Because Carroll's claim does not arise out of activities directed at the United States, but rather out of activities which took place in and were directed towards Saudi Arabia, it would not be "consistent with the United States Constitution and laws" for this Court to exercise personal jurisdiction over Vinnell Arabia in this case.

Lastly, Carroll requests that the Court strike Vinnell Arabia's brief in opposition to his Motion to Amend Judgment, arguing that the brief was five days late.  (Pl.'s Mot. to Strike [Dkt. 49] at 1-2.)  Specifically, Carroll claims that because he filed his motion on October 20, 2015, under the Local Rules of this Court and the Federal Rules of Civil Procedure, Vinnell Arabia's brief was due eleven days thereafter, or on October 31, 2015.  (*Id.* citing E.D. Va. Local Civ. R. 7(F)(1); Fed. R. Civ. P. 6(b)(1)(A)-(B).)  By filing the brief on

5

November 5, 2015, Carroll claims the reply brief should be stricken as untimely. The Court does not agree.

As Vinnell Arabia correctly notes, Rule 6 of the Federal Rules of Civil Procedure governs computation of time for which certain actions must be taken in federal civil litigation. (Def.'s Opp'n to Mot. to Strike [Dkt. 51] at 1-2.) Specifically:

> (a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1). This provision governs the computation of deadlines in briefing schedules, as defined by this Court's Local Rules. Under E.D. Va. Local Civil Rule 7(F)(1), once a motion is filed, "the opposing party shall file a responsive brief and such supporting documents as are appropriate, within eleven (11) days after service and the moving party may file a

rebuttal brief within three (3) days after the service of the opposing party's reply brief." Under Federal Rule of Civil Procedure 6(d), when a party serves papers by mail, leaves it with the clerk of court, sends it by electronic means, or delivers it by any other means that the person consented to in writing, then "3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d) (citing Fed. R. Civ. P. 5(b)(2)(C), (D), (E), (F)).

In 2005, the advisory committee amended Rule 6 "to remove any doubt as to the method for extending the time to respond after service by mail, leaving with the clerk of court, electronic means, or other means consented to by the party served." Fed. R. Civ. P. 6 advisory committee's note (2005). Specifically, and importantly for purposes of this litigation, "[t]hree days are added *after* the prescribed period *otherwise expires* under Rule 6(a)." *Id.* In other words, if electronically served, three days are not automatically added to the three day period to file a reply brief under this Court's local rules for a total of six days. Instead, three additional days are added from the date the original three-day period expired. The advisory committee provides the following illustration:

> Assum[e] that the thirtieth day of a thirty-day period is Saturday. Under Rule 6(a) the period expires on the next day that is not a

7

>       Sunday or legal holiday.  If the following
>       Monday is a legal holiday, under Rule 6(a)
>       the period expires on Tuesday.  Three days
>       are *then* added--Wednesday, Thursday and
>       Friday as the third and final day to act.

*Id.*

Here, when the above principles are applied, it becomes readily apparent that Carroll's motion to strike the reply brief must be denied.  Carroll filed his Motion to Amend Judgment on Tuesday, October 20, 2015.  (Pl.'s Mot. to Strike at 1.)  Under Local Rule 7(F)(1), Vinnell Arabia as "the opposing party shall file a responsive brief and such supporting documents as are appropriate, within eleven (11) days after service."  E.D. Va. Local Civil Rule 7(F)(1).  Excluding Tuesday, the day of the event that triggers the eleven day period, the eleven day period expires on Saturday, after counting through Friday, Saturday, and Sunday.  Under Rule 6(a), however, the period actually expires on the next day that is not a Saturday, Sunday, or legal holiday.  Therefore, the eleven day period under this Court's local rules expired on Monday, November 2, 2015.  It is undisputed that Vinnell Arabia then gets three additional days, pursuant to Rule 6(d), for serving the opposition by electronic means, which means that the deadline to file its reply brief was Thursday, November 5, 2015, the date it was actually filed.  (*See* Def.'s Reply Brief [Dkt. 51].)  The memorandum in opposition was therefore timely filed.

## IV. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion to Amend Judgment and deny Plaintiff's Motion to Strike Defendant's Opposition Brief.

An appropriate Order shall issue.

|  |  |
|---|---|
|  | /s/ |
| January 7, 2016 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |